UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| BRYAN PROPERTIES OF SHREVEPORT, L.L.C., ET AL. | CIVIL ACTION NO. 09-984 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KEITH D. PETERSON & COMPANY, INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court is a Motion for Summary Judgment [Record Document 22], filed on behalf of Defendant, American Security Insurance Company ("American"). Defendant moves for judgment in its favor as a matter of law on the ground that Plaintiffs have no evidence that American insured a garage apartment (*i.e.*, "second dwelling") that sustained flood damage. See id. To date, the Motion for Summary Judgment is unopposed. For the reasons stated herein, Defendant's Motion for Summary Judgment is **GRANTED**.

## FACTUAL BACKGROUND[1]

American issued Residential Flood Policy No. 17RFL1905228209 ("the ASIC policy") to insure "957 Elmwood Street, Shreveport, Louisiana 71104," with coverage effective from November 30, 2007 to November 30, 2009. The named insured is lender Chase Home Finance, L.L.C. Clair W. Bryan is an additional insured.

There are at least two separate buildings on the site of 957 Elmwood Street: (1) 957 Elmwood ("the main dwelling"), and (2) a garage apartment ("the second dwelling") that

---

[1] The facts stated herein are primarily taken from Defendant's Statement of Undisputed Material Facts [Record Document 22], which must be deemed admitted for purposes of this motion. See, infra, Local Rule 56.2.

does not have a municipal number. These two buildings that are separated from each other by clear space and are rented to different tenants. [Record Document 22-5, ¶¶ 3, 6]. During the period of coverage, the second dwelling sustained flood damage while the main dwelling did not.

Coverage under the ASIC policy extends to "the dwelling on the Described Dwelling Property, used principally for dwelling purposes not to exceed four (4) living units...." [Record Document 22, Ex. A (Policy, for SMP-R-FL (10/88), p. 1 at COVERAGES)]. Coverage also extends to "structures attached to the dwelling." Id. The garage apartment is neither described on the declarations page of the ASIC policy nor is it attached to the residence. Id.

The policy also provides coverage for "other structures" as follows:

1. **Other Structures**

   Subject to the provisions of this article, we cover other structures on the Described Dwelling Property, separated from the dwelling by clear space.

   Structures connected to the dwelling by only a fence, utility line or similar connection are considered to be other structures:

   We do not cover other structures:
   a. Used in whole or in part for commercial, manufacturing or farming purposes; or
   b. Rented or held for rental to any other person not a tenant of the building, unless used solely as a private garage.

   The amount of insurance on other structures shall be limited to 10% of the dwelling coverage as an additional amount of insurance.

[Record Document 22, Exhibit A (Policy, form SMP-R-FL (10/88), pp. 2-3 at OTHER COVERAGES)].

## PROCEDURAL HISTORY

On May 17, 2009, Plaintiffs, Bryan Properties of Shreveport, L.L.C., Clair W. Bryan IV and Lori Bryan, filed a lawsuit in the First Judicial District Court, Caddo Parish, Louisiana against Keith D. Peterson & Co., Inc., New Hampshire Insurance Company ("NHIC"), and American. [Record Document 1]. Plaintiffs allege that Defendants are liable for damages sustained to the Plaintiff's property because the garage apartment was not covered under the ASIC policy at issue. Id. Thereafter, Defendants removed the action to the Western District of Louisiana, Shreveport Division, on the basis of diversity jurisdiction. Id.

On February 23, 2010, American filed a Motion for Summary Judgment [Record Document 22] asserting it is entitled to judgment in its favor as a matter of law because there is no evidence that American insured the second dwelling. Specifically, American contends "there is no evidence that the garage apartment is anything other than an unattached building on the site of an insured premises that does not have a municipal number and that is rented to a separate tenant." Id. at p.4.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden

of proof at trial." Id., 477 U.S. at 322, 106 S. Ct. at 2552. If the party moving for summary judgment fails to satisfy its initial burden of demonstrating the absence of a genuine issue of material fact, the motion must be denied, regardless of the nonmovant's response. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the motion is properly made, however, Rule 56(c) requires the nonmovant to go "beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted).[2] While the nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence, Little, 37 F.3d at 1075, Wallace, 80 F.3d at 1047, all factual controversies must be resolved in favor of the nonmovant. Cooper Tire & Rubber Co. v. Farese, 423 F.3d 446, 456 (5th Cir. 2005).

Additionally, Local Rule 56.1 requires the moving party to file a statement of material facts as to which it contends there is no genuine issue to be tried. Pursuant to Local Rule 56.2, the party opposing the motion for summary judgment must set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

---

[2]In Louisiana, "[w]hen a plaintiff attempts to recover under an insurance contract, summary judgment may not be rendered unless there is no reasonable interpretation of the policy, when applied to undisputed material facts shown by evidence supporting the motion, under which coverage could be afforded." Westerfield v. LaFleur, 493 So. 2d 600, 605 (La. 1986); See La. Code Civ. Proc. Ann. art. 966 (2005).

Page 4

**LAW AND ANALYSIS**

An insurance policy, like all other contracts, should be construed using the general rules of interpretation set forth in articles 2045 to 2057 of the Louisiana Civil Code. Cadwallader v. Allstate Ins. Co., 848 So. 2d 577, 580 (La. 2003). Article 2045 of the Louisiana Civil Code provides that "[i]nterpretation of a contract is the determination of the common intent of the parties." La. Civ. Code Ann. art. 2045 (2009). "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code Ann. art. 2046 (2009). Thus, "words and phrases used in an insurance policy are to be construed using their plain, ordinary, and generally prevailing meaning, unless the words have acquired a technical meaning." Cadwallader 848 So. 2d at 580; La. Civ. Code Ann. art. 2047 (2009). Moreover, "every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy. . . ." La. Rev. Stat. Ann. § 22:881 (2009).

In Samia Co. v. U.S. Fire Ins. Co., 789 So. 2d 706 (La.App.5 Cir. 2001), a Louisiana Court of Appeal considered whether damaged properties not listed in the insurance policy were covered by the insurance company.[3] Because the damaged properties in question were not listed in the "schedule of locations" in the policy, the court saw "no ambiguity in the policy in question, nor even any potential for misinterpretation." Id. at 709. The court additionally noted that if the plaintiff had intended for the property to be covered, it was the

---

[3] While the facts are similar to the case at hand, they differ in that the disputed properties not listed in the policy in Samia Co. were not on the same parcel of land. However, the Samia Co. court's analysis of the legal issue is sufficiently analogous to support this Court's ruling.

plaintiff's duty to inspect the policy to ensure that it was listed and have the error corrected "*before* any loss was incurred." Id. at 710 (emphasis in original).

The Court finds the reasoning in Samia Co. to be persuasive. American insured the main dwelling located at "957 Elmwood Street, Shreveport, Louisiana 71104"; however, because the second dwelling was not attached to the main dwelling and was not described on the declarations page of the policy, it was not part of the "Described Dwelling Property" to which the ASIC policy extended coverage.

Furthermore, although the ASIC policy insured "Other Structures" on the property in addition to the main dwelling, including structures on the "Described Dwelling Property" that were separated from the residence by clear space, the ASIC policy expressly excluded "other structures rented or held for rental to any person not a tenant of the building" from coverage. [Record Document 22, Ex. A (Policy, form SMP-R-FL (10/88), pp. 2-3 at OTHER COVERAGES)]. It is undisputed that the main dwelling located at 957 Elmwood and the second dwelling were each rented to a separate tenants. Consequently, the ASIC policy did not extend coverage to the second dwelling as an "other structure."

## CONCLUSION

Having found that the property at issue (*i.e.* "the second dwelling") was not covered under the ASIC policy, and noting the lack of opposition by the Plaintiffs, the Court finds that American is entitled to judgment in its favor as a matter of law. Accordingly, American's Motion for Summary Judgment [Record Document 22] shall be **GRANTED**, and Plaintiffs' claims against American shall be **DISMISSED WITH PREJUDICE.**

An Order consistent with this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 25th day of May, 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE