**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

BRYAN PROPERTIES OF SHREVEPORT,
L.L.C., ET AL.

CIVIL ACTION NO. 09-984

VERSUS

JUDGE S. MAURICE HICKS, JR.

KEITH D. PETERSON & COMPANY,
INC., ET AL.

MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

Before this Court is a Motion for Summary Judgment [Record Document 40], filed on behalf of Defendant, New Hampshire Insurance Company ("NHIC").  Defendant moves for judgment in its favor as a matter of law on the ground that Plaintiffs did not submit a flood application and premium for the damaged building and therefore had no coverage at the date of loss.  See id.  To date, the Plaintiffs, Bryan Properties of Shreveport, L.L.C., et al. have not filed an opposition.  Co-Defendant Keith D. Peterson & Company ("Peterson") has filed an opposition, but their opposition does not address the merits of NHIC's Motion for Summary Judgment.  For the reasons stated herein, Defendant's Motion for Summary Judgment is **GRANTED**.

## FACTUAL BACKGROUND[1]

Bryan Properties of Shreveport ("Plaintiffs") were the named insured under Standard Flood Insurance Policy ("SFIP") No. 87-02621457-2008 issued through NHIC for the property located at 957 Elmwood Street, Shreveport, Louisiana.  At the time of the loss,

---

[1]The facts stated herein are primarily taken from Defendant's Statement of Undisputed Material Facts [Record Document 40-7], which must be deemed admitted for purposes of this motion.  See, infra, Local Rule 56.2.

May 14, 2008, the coverage limits under SFIP No. 87-02621457-2008 were $122,000 (Coverage A-Building) with no contents coverage.  Following the flood event on May 14, 2008, Plaintiffs made a claim for flood damages to the property.  Upon receipt of the alleged flood loss claim, NHIC commenced the process of adjusting the claim pursuant to the applicable federal rules promulgated by FEMA on authority of 42 U.S.C. § 4019.  In regards to the flood loss of May 14, 2008, NHIC assigned the flood loss to the independent insurance claims adjusting company Sweet Claim Service, Inc.  Independent Adjuster, Jerry Reed ("Reed"), was assigned to assess the insured's flood loss claim.  Reed was dispatched to assess the flood damages for the claim and inspected the property on May 17, 2008.  Reed determined a building on the property did receive flood damage.  However, he noted the property contained two separate rental dwellings.  The smaller rental unit (the unit that received damages) was not listed on the declaration page, flood application and did not carry a separate policy.  Therefore, the adjuster concluded the unit should be covered under a separate policy (which did not exist) and no coverage applied and closed the claim without payment.  Upon receipt of the recommendation, NHIC undertook its duty to verify the correctness of coverage and reasonableness of the recommendation.  NHIC found the adjuster's recommendation to be in line.  As such, NHIC denied payment.  Under the SFIP Art. II(A)(21), only one dwelling, which the insured specifically describes in the application, may be insured under this policy.  The Plaintiffs' SFIP Application, Declaration Pages and renewal notices since the inception of the policy only list one building.  Therefore, per the information received from the insured and the terms of the policy there is only one policy on the main dwelling in the front of the property.  There is no coverage on the second building, in the back of the property.  Plaintiffs can only have one building

covered per policy under the SFIP.  Plaintiffs did not submit an additional SFIP Application and premium for the damaged building.

## PROCEDURAL HISTORY

On May 17, 2009, Plaintiffs, Bryan Properties of Shreveport, L.L.C., Clair W. Bryan IV and Lori Bryan, filed a lawsuit in the First Judicial District Court, Caddo Parish, Louisiana against Keith D. Peterson & Co., Inc., New Hampshire Insurance Company ("NHIC"), and American.  [Record Document 1].  Plaintiffs allege that Defendants are liable for damages sustained to the Plaintiff's property because the garage apartment was not covered under the NHIC policy at issue.  Id.  Thereafter, Defendants removed the action to the Western District of Louisiana, Shreveport Division, on the basis of diversity jurisdiction.  Id.

On February October 20, 2010, NHIC filed a Motion for Summary Judgment [Record Document 40] asserting it is entitled to judgment in its favor as a matter of law because "Plaintiffs did not submit a flood application and premium for the damaged building and therefore had no coverage at the date of loss."

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of

proof at trial." Id., 477 U.S. at 322, 106 S. Ct. at 2552.  If the party moving for summary judgment fails to satisfy its initial burden of demonstrating the absence of a genuine issue of material fact, the motion must be denied, regardless of the nonmovant's response.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  If the motion is properly made, however, Rule 56(c) requires the nonmovant to go "beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted).  While the nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence, Little, 37 F.3d at 1075,  Wallace, 80 F.3d at 1047, all factual controversies must be resolved in favor of the nonmovant.  Cooper Tire & Rubber Co. v. Farese, 423 F.3d 446, 456 (5th Cir. 2005).

Additionally, Local Rule 56.1 requires the moving party to file a statement of material facts as to which it contends there is no genuine issue to be tried.  Pursuant to Local Rule 56.2, the party opposing the motion for summary judgment must set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule."  Local Rule 56.2.

## LAW AND ANALYSIS

This motion is before this Court on an unusual procedural footing.  No opposition has been filed attacking the merits of NHIC's motion for summary judgment.  NHIC's Statement of Uncontested Facts is not controverted. [Record Document 40-7].  Thus, because the material facts set forth by NHIC [Record Document 40-7] have not been controverted, there

is no genuine dispute of material fact for trial. Therefore, it appears as if NHIC is entitled to summary judgment.

However, before this Court can grant NHIC's Motion for Summary Judgment it must review co-Defendant Peterson's opposition.  According to Peterson, "New Hampshire's motion for summary judgment should be denied because there are genuine issues of material fact as to whether Keith D. Peterson is the agent for New Hampshire.  If Keith D. Peterson is the agent for New Hampshire, as appearer asserts, then the alleged negligent acts, representations, and misrepresentations of Keith D. Peterson as asserted by the plaintiff are imputed to New Hampshire." [Record Document 53 at 2].  Specifically, Peterson only presents two contested facts:

> 1.    Keith D. Peterson & Co., Inc. was the agent of New Hampshire Insurance Company, Inc.'s predecessor company when Keith D. Peterson obtained the subject flood insurance policy for Bryan Properties of Shreveport, LLC.
> 2.    The alleged actions, misrepresentations, and representations of Keith D. Peterson are imputed to New Hampshire.

[Record Document 53-1 at 1].  Neither of these "contested facts" controverts NHIC's statement of fact that "Plaintiffs did not submit an additional SFIP Application and premium for the damaged building."  [Record Document 40-7 at 3].

This Court has reviewed the Petition [Record Document 1-1] and Peterson's Answer [Record Document 8].  According to the Petition, Plaintiff's complaint against NHIC revolved around their disagreement with NHIC's conclusion that "the apartment/garage was not covered on the policy that Defendant, Keith D. Peterson & Company, Inc. obtained through Defendant, New Hampshire Insurance Company, policy number 87026214572008, and

paid for by Plaintiffs." [Petition at ¶15].  All claims for misrepresentation were directed at Peterson.  <u>See</u> Petition at ¶¶ 7, 10, 12, 14 and 16. Peterson's answer makes no claim for indemnity or for that matter any cross-claims against NHIC.  <u>See</u> Record Document 8.  The only statement that Peterson makes in his Answer is that:

> [f]urther, PETERSON shows that damages if any, were caused by the combined fault of Bryan Properties of Shreveport, LLC, Clair W. Bryan, IV and Lori Bryan, and New Hampshire Insurance Company and that any recovery by Plaintiffs that this Court may find is due against this Defendant, should be reduced for a proportionate degree of that fault.

[Record Document 8 at 4].

Peterson's opposition appears to be an attempt to amend his pleadings to allege a claim for indemnity against NHIC. At this stage of the litigation, FED. R. CIV. P. Rule 15(a)(2) states that "a party may amend its pleadings only with the opposing party's written consent or the court's leave.  The Court should freely give leave when justice so requires."

In this instance, no leave was sought and this Court would not grant such a motion this late into the litigation.  Therefore, Peterson has failed to properly allege a cross-claim against NHIC that would prevent this Court from ruling on NHIC's motion for summary judgment.

**CONCLUSION**

Having found that the property at issue the "garage/apartment"was not covered under the NHIC policy, and noting the lack of opposition by the Plaintiffs, the Court finds that NHIC is entitled to judgment in its favor as a matter of law.  Accordingly, NHIC's Motion for Summary Judgment [Record Document 40] shall be **GRANTED**, and Plaintiffs' claims against NHIC shall be **DISMISSED WITH PREJUDICE.**

An Order consistent with this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 22nd day of February, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE